# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 4:20-CR-00246-O(01) |
| | U.S. Marshal's No.: 07716-509 |
| RICKY BADLEY | Nancy Larson, Assistant U.S. Attorney |
| | John Donahue, Attorney for the Defendant |

On October 19, 2020 the defendant, RICKY BADLEY, entered a plea of guilty as to Count One and Two of the Superseding Information filed on October 13, 2020.  Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 2261A(2)(B) | Stalking | 9/9/2020 | One |
| 18 USC §§ 2252A(a)(5)(B) and 2252A(b)(2) | Possession of a Child Pornography | 9/9/2020 | Two |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $200.00 as to Count One and Two of the Superseding Information filed on October 13, 2020.

The Court further concluded the defendant is indigent and the $5,000 assessment required pursuant to 18 U.S.C. § 3014 is waived.

Upon motion of the government, all remaining counts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed February 5, 2021.

_____
REED O'CONNOR
U.S. DISTRICT JUDGE

Signed February 5, 2021.

Judgment in a Criminal Case                                                                                             Page **2** of **6**
Defendant:  RICKY BADLEY
Case Number:  4:20-CR-00246-O(1)

# IMPRISONMENT

The defendant, RICKY BADLEY, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **SIXTY (60) MONTHS** as to Count One and **SEVENTY-ONE (71) MONTHS** as to Count Two of the Superseding Information filed on October 13, 2020. Count One is to run consecutive to Count Two, for a total of ONE HUNDRED THIRTY-ONE (131) MONTHS.

The Court makes a non-binding recommendation to the BOP that Defendant, if appropriately classified, be allowed to serve his term of imprisonment as near as geographically possible to an FCI facility in Central Texas.

The defendant is remanded to the custody of the United States Marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) YEARS** as to Count One and **TWENTY-FIVE (25) YEARS** as to Count Two of the Superseding Information filed on October 13, 2020, to run concurrently for a total of TWENTY-FIVE (25) YEARS.

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

( 1 )   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
( 2 )   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
( 3 )   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
( 4 )   You must answer truthfully the questions asked by your probation officer.
( 5 )   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
( 6 )   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
( 7 )   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job

|      | |
|------|-|
|      | responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. |
| ( 8) | You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer. |
| ( 9) | If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours. |
| (10) | You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers). |
| (11) | You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court. |
| (12) | If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. |
| (13) | You must follow the instructions of the probation officer related to the conditions of supervision. |

In addition the defendant shall:

not commit another federal, state, or local crime;

not illegally possess controlled substances;

cooperate in the collection of DNA as directed by the probation officer;

not possess a firearm, ammunition, destructive device, or any dangerous weapon;

report in person to the U.S. Probation Office in the district to which the defendant is released from the custody of the Federal Bureau of Prisons within 72 hours of release;

comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense;

make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664;

pay the assessment imposed in accordance with 18 U.S.C. § 3013;

take notice that if this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment;

Judgment in a Criminal Case                                                                       Page **4** of **6**
Defendant: RICKY BADLEY
Case Number: 4:20-CR-00246-O(1)

have no contact with the victim(s), including correspondence, telephone contact, or communication through third parties except under circumstances approved in advance by the probation officer and not enter onto the premises, travel past, or loiter near the victims' residences, places of employment, or other places frequented by the victims;

have no contact with minors under the age of 18, including by correspondence, telephone, internet, electronic communication, or communication through third parties. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, except as may be allowed upon advance approval by the probation officer;

not use any computer other than the one the defendant is authorized to use without prior approval from the probation officer;

not use any software program or device designed to hide, alter, or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer;

participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month. The defendant shall consent to the probation officer's conducting ongoing monitoring of his/her computer/computers. The monitoring may include the installation of hardware and/or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. At the discretion of the probation officer, the monitoring software may be disabled or removed at any time during the term of supervision;

provide the probation officer with accurate information about his/her entire computer system. The defendant's email shall only be accessed through a pre-approved application;

submit to periodic, unannounced examinations of his/her computer/computers, storage media, and/or other electronic or Internet-capable devices, performed by the probation officer at reasonable times and in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such system for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider;

not install new hardware, perform upgrades, or effect repairs on his/her computer system without the prior permission of the probation officer;

not possess, have access to, or utilize a computer or Internet connection device, including, but not limited to Xbox, PlayStation, Nintendo, or similar device, without permission of the probation officer. This condition requires preapproval for categories of computer or Internet access or use; it does not require separate pre-use approval every time the defendant accesses or uses a computer or the Internet;

neither possess nor have under his/her control any pornographic matter or any matter that sexually depicts minors under the age of 18 including, but not limited to, matter obtained through access to any computer and any matter linked to computer access or use; and,

participate in sex-offender treatment services as directed by the probation officer until successfully discharged, which services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant is ordered to pay restitution in the amount of $1,344.80, payable to the U.S. District Clerk, 501 West 10th Street, Room 310, Fort Worth, Texas 76102. Restitution shall be payable immediately and any unpaid balance shall be payable during incarceration.  Restitution shall be disbursed as follows:

Minor C.P.<br>
12537 Haverhill Drive<br>
Keller, Texas 76244<br>
$1,344.80

If, upon commencement of the term of supervised release, any part of the $1,344.80 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid amount at the rate of at least $25 per month, until the restitution amount is paid in full. Payment shall begin no later than 60 days after the defendant's release from confinement and shall continue each month thereafter until the balance is paid in full. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt if money shall be paid toward the unpaid balance within 15 days of receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Furthermore, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3).

Judgment in a Criminal Case  Page **6** of **6**
Defendant:  RICKY BADLEY
Case Number:  4:20-CR-00246-O(1)

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal